**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | **CASE NO: 1:17-CR-408** |
| ) | |
| **v.** ) | **Judge Dan Aaron Polster** |
| ) | |
| **ANTHONY JACKSON,** ) | **OPINION AND ORDER** |
| ) | |
| **Defendant.** ) | |
| ) | |

Before the Court is Defendant Anthony Jackson's Motion to Reduce Sentence, **Doc #: 21**. For the following reasons, Jackson's Motion is **DENIED**.

### I.   Background

Jackson pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and subsequently was sentenced to 67 months in custody of the Bureau of Prisons. Doc #: 14. Jackson is currently held at Federal Correctional Institute Schuylkill ("FCI Schuylkill") and has an expected release date of April 3, 2022.

Jackson first filed a motion to reduce sentence on June 8, 2020. Doc #: 16. This Court appointed a Federal Public Defender for Jackson who filed the pending Motion to Reduce Sentence. Doc #: 21. The Government then filed a response. Doc #: 23.

1

## II.     Discussion[1]

Under § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is not a danger to the safety of any other person or the community, and (3) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). *United States v. Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1. Here, the only relevant category is the fourth category, labeled "other reasons." *Id.* at 8. To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *Id.*

Jackson does not present extraordinary and compelling circumstances. That Jackson is at high risk of grave complications should he contract COVID-19 is undisputable. He suffers from a plethora of conditions including lymphoma, hypertension, and obesity. But FCI Schuylkill, where Jackson is held, has only one confirmed COVID-19 case.[2] One confirmed case cannot constitute a severe COVID-19 outbreak.

Further, it is doubtful that Jackson is not a danger to the safety of the community or that a reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). Jackson illegally possessed a firearm while he was on supervised release. Doc #: 23 at 6. This blatant disregard for authority combined with access to firearms suggests that Jackson is a danger to the

---

[1] A defendant must satisfy § 3582(c)(1)(A)(i)'s exhaustion requirement before filing a motion for compassionate release. The parties agree that Jackson has satisfied the exhaustion requirement. Docs ##: 21 at 4; 23 at 2.
[2] *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited 7/15/2020).

2

safety of the community. And the § 3553(a) factors generally favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining. *Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at 10. Jackson has more than a year of his sentence remaining.

The Court is sympathetic to Jackson's position and his legitimate fear of catching COVID-19. Fortunately, the Bureau of Prisons has aggressively taken preventative actions and, at least at FCI Schuylkill, has been successful in preventing a COVID-19 outbreak.

### III. Conclusion

For the above reasons, Jackson's Motion, **Doc #: 21**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster July 15, 2020*
**Dan Aaron Polster**
**United States District Judge**