IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO EASTERN
DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) | CASE NO: 1:17-CR-00408 |
| | ) | |
| v. | ) | Judge Dan Aaron Polster |
| | ) | |
| **ANTHONY JACKSON,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM

Before the Court is Defendant Anthony Jackson's Motion for Reconsideration of his motion to reduce his sentence pursuant to 18 U.S.C § 3582(c)(1)(A), **Doc #: 29**. For the following reasons, Jackson's Motion is **DENIED.**

On June 8, 2020, Jackson requested that the Court reduce his sentence so that he can escape the outbreak of COVID-19 at Schuylkill Federal Correctional Institute ("Schuylkill"), where he is held. *See* Doc #: 16. The Court appointed a Federal Public Defender for Jackson regarding his request for compassionate release. *Id*. On July 6, 2020, Jackson, by and through counsel, filed a supplemental motion to reduce his sentence. Doc #: 21. On July 15, 2020, the Court denied Jackson's motion to reduce his sentence finding that Jackson does not present extraordinary and compelling circumstances. Doc #: 24. The Court also noted that it is doubtful that Jackson is not a danger to the safety of the community or that a reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). *Id*. On July 29, 2020, Jackson filed a timely notice of appeal. Doc #: 25. On September 18, 2020, the Sixth Circuit granted Jackson's motion to dismiss the appeal voluntarily. On October 26, 2020, Jackson filed this instant Motion asking the Court to reconsider its July 15, 2020 Order. *See* Doc #: 29.

**DISCUSSION**

Three situations justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice." *Hamilton v. Gansheimer*, 536 F. Supp. 2d 825, 842 (N.D. Ohio 2008). Courts should not reconsider prior decisions where the motion for reconsideration proffers new arguments that could have been discovered and offered during the initial consideration of the issue. *Id.*

Here, Jackson's Motion seeks reconsideration of the Court's July 15, 2020 Order denying his motion to reduce his sentence, well outside of the time frame allowed. "A motion for reconsideration in a criminal case must be filed within the fourteen-day period for filing an appeal." *United States v. Miller*, 697 F. App'x 842, 843 n.1 (6th Cir. 2017); *see United States v. Hunter*, 2020 U.S. Dist. LEXIS 68720, *1-2 (S.D. Ohio Apr. 20, 2020) (within the context of the COVID-19 pandemic, denying defendant's motion for reconsideration of its order denying motion for compassionate release because the motion was untimely). Even excusing Jackson's untimeliness, Jackson's Motion still fails.

Jackson's Motion offers new facts regarding his cancer diagnosis, treatment plan and safety risks. As the Court stated in its July 15, 2020 Order, the Court does not doubt that Jackson is at high risk of grave complications should he contract COVID-19. However, there is still no evidence of an outbreak at Schuylkill.[1] Furthermore, the Court is still doubtful that Jackson is not a danger to the safety of the community or that a reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a).[2] Simply put, Jackson still does not present a circumstance

---

[1] COVID 19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited November 9, 2020). Currently, there are zero active inmate cases and four active staff cases of COVID-19 at Schuylkill. The Court also notes that 358 inmates have been tested at Schuylkill and there are zero inmates pending a test. Given the insignificant change of COVID-19 cases at Jackson's facility since Jackson filed his last motion, the Court does not consider the facilities' COVID-19 cases to be new evidence.

[2] Jackson has an extensive criminal history and entered the criminal justice system when he was 18 years old. He has amassed thirty-one convictions, which include a prior federal conviction. Four of the convictions are misdemeanors

2

warranting compassionate release.[3] Furthermore, a review of Jackson's Motion is not necessary to prevent manifest injustice because, for the reasons stated in its July 15, 2020 Order, Jackson is not entitled to relief. Accordingly, Jackson's Motion does not justify reconsideration.

For these reasons, Jackson's Motion, **Doc #: 29**, is **DENIED.**

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster November 10, 2020*
**Dan Aaron Polster**
**United States District Judge**

---

involving three Disorderly Conduct convictions, and Drug Abuse. See Doc # 12. The Court does not discount Jackson's remorse for his actions or his efforts to rehabilitate himself, but when considered together, the Court is doubtful that Jackson's repeated offenses does not make him a danger to the safety of other persons and the community. While the side effects of chemotherapy can be serious and make it extremely difficult to maintain normal functioning, there is no evidence that Jackson is experiencing such side effects.

[3] To the extent Jackson requests that the Court make a determination regarding whether FMC Butner's COVID-19 cases warrants extraordinary and compelling reasons for a sentence reduction, the Court finds that request to be premature as Jackson has not been transferred to that facility.