# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | CASE NO: 1:17-CR-408 |
| ) | |
| v. ) | Judge Dan Aaron Polster |
| ) | |
| **ANTHONY D. JACKSON,** ) | **OPINION AND ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is Defendant Anthony D. Jackson's Second Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), **Doc #: 38**. For the following reasons, Jackson's Motion is **GRANTED**.

**I.     Background**

On October 12, 2017, Jackson was named in a one-count indictment charging him with being a felon in possession of a firearm. Doc #: 1. Jackson pleaded guilty to the indictment on January 29, 2018. Doc #: 22. On May 9, 2018, the Court sentenced Jackson to 67 months in prison with credit for time served. Doc #: 14. Jackson is currently being held at Federal Medical Center, Butner ("FMC Butner") and has an expected release date of April 2, 2022.[1]

On April 9, 2020, Jackson sent a Request for Compassionate Release to the warden of Federal Correctional Institution, Schuylkill ("FCI Schuylkill"), the institution where he was located at that time. Doc #: 16-1. The basis of this request was both: (1) Jackson's "debilitating medical condition," which included "hypertension, borderline diabet[es], [and] heart conditions";

---

[1] Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 19, 2021)..

and (2) the outbreak of the COVID-19 pandemic. *Id.* The warden of FCI Schuylkill denied this request on May 5, 2020. Doc #: 16-2. Subsequently, Jackson was diagnosed with lymphoma. Doc #: 21-1 at 2. Based on this new diagnosis, Jackson sent a Second Request for Compassionate Release to the warden of FCI Schuylkill on May 31, 2020. Doc #: 21-2. On June 29, 2020, the warden denied this request. *Id.* Jackson then filed a Sealed Motion for Compassionate Release with the Court pursuant to 18 U.S.C. § 3582(c)(l)(A)(i) on July 8, 2020, wherein Jackson sought a sentence reduction based on both the outbreak of the COVID-19 pandemic as well as Jackson's cancer diagnosis. Doc #: 21. The Court denied Jackson's Motion on July 15, 2020, finding that there was no severe outbreak of COVID-19 at FCI Schuylkill and that "it [was] doubtful Jackson [was] not a danger to the safety of the community." Doc #: 24 at 2.

Since then, Jackson's cancer has progressed. Specifically, on or about September 25, 2020, doctors diagnosed Jackson with "aggressive diffuse large B cell lymphoma." Doc #: 29-1. Because of this new information, Jackson filed a Motion for Reconsideration with the Court on October 26, 2020 regarding its denial of his previous Motion for Compassionate Release. Doc #: 29. The Court denied Jackson's Motion for Reconsideration, finding that there were no active COVID-19 cases at FCI Schuylkill and that Jackson remained a potential danger to the community. Doc #: 33.

Thereafter, Jackson was transferred to FMC Butner to receive chemotherapy treatment. Doc #: 38-1. While there, on January 5, 2021, Jackson requested compassionate relief from the warden at FMC Butner, which the warden denied on January 11, 2021. Doc #: 38-2. Subsequently, Jackson completed his six-round chemotherapy treatment. Doc #: 38 at 5. His cancer, however, persists. *Id.* Jackson now claims he requires CAR T-Cell therapy to treat his cancer. *Id.* The

2

BOP, however, does not offer CAR T-Cell therapy to its inmates. *Id.* at 9. Accordingly, Jackson has filed a Second Motion for Sentence Reduction with this Court on that basis. *Id.*

## II. Discussion

### a. Exhaustion of Administrative Remedies

Before an inmate may petition the Court for compassionate release, they must first exhaust all possible administrative remedies with the BOP. 18 U.S.C. § 3582(c)(1). Only after such exhaustion of administrative remedies "or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," may a defendant file a motion for compassionate release with a court. 18 U.S.C. § 3582(c)(1)(A). Courts have held, "[p]roper exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-release request to the warden." *United States v. Mogavero*, No.: 2:15-cr-00074-JAD-NJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020).

Here, Jackson has met the exhaustion requirement. As discussed above, Jackson petitioned the warden of FMC Butner on January 5, 2021 for compassionate release on the basis that his stage IV cancer had progressed. That fact remains true today. While it may be correct, as the Government notes, that some specifics of Jackson's medical condition have evolved to an extent since January 5, this would be true of virtually any medical condition. Indeed, it is axiomatic that diseases like cancer do not remain stagnant. To require inmates to petition a warden again after every instance in which their medical condition evolves before seeking compassionate release from a court is fundamentally impractical. The underlying factual predicate, Jackson's progressing

cancer, exists now just as it did on January 5. Accordingly, the Court finds that Jackson has met the exhaustion requirement as required by 18 U.S.C. § 3582(c)(1).

### b. Merits

For a court to grant a sentence reduction under § 3582(c)(1)(A), two requirements must be met when the defendant is younger than 70 years old. First, a court must find "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i); *see also United States v. Jones*, No. 20-3701, 2020 U.S. App. LEXIS 36620, at *19 (6th Cir. Nov. 20, 2020) (finding that district courts have full discretion to decide when "extraordinary and compelling reasons" justify sentence modification as long as the Sentencing Commission has not updated § 1B1.13 to reflect the First Step Act). Second, a court must deem the reduction appropriate upon consideration of the sentencing factors in 18 U.S.C. § 3553(a). *Id*.

Here, the Court finds that Jackson meets these requirements. First, there are indeed extraordinary and compelling reasons warranting a sentence reduction for Jackson. The Centers for Disease Control and Prevention ("CDC") has established that cancer can make a person more likely to get severely ill from contracting COVID-19.[2] *See United States v. Elias*, No. 20-3654, 2021 U.S. App. WL 50169, at *521 (6th Cir. Jan. 6, 2021) ("[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions"). Furthermore, medical professionals have found Jackson's cancer to be "malignant," "high grade," and "aggressive." Doc #: 38-1 at 3, 8. With the chemotherapy treatments having failed to eradicate the cancer, the best remaining medical option for Jackson appears to be the above-described CAR T-Cell therapy, which the BOP does not provide. Doc #: 38 at 9. These factors weigh in favor of

---

[2] Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (May 19, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

compassionate release for Jackson so he may pursue the medical treatment with the best chance of saving his life.

Second, the Court finds that reducing Jackson's sentence is appropriate upon consideration of the sentencing factors in 18 U.S.C. § 3553(a).  A court already considers these factors in the first instance when sentencing a defendant.  Upon a motion for compassionate release, a court determines whether the changed circumstances cause the § 3553(a) factors to be weighed differently.  *United States v. Mack*, No. 5:16-CR-112, 2020 WL 4012837, at *3 (N.D. Ohio July 16, 2020).  While it is true Jackson has a lengthy criminal record preceding his January 29, 2018 conviction, it is also the case that Jackson's most recent prior convictions dates back a decade to 2011.  Doc #: 41 at 14. Given that Jackson is set to be released regardless in no more than approximately 11 months, the Court affords his prior criminal record little weight.  *See United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009) (district courts have "broad discretion to determine what sentence will serve [§ 3553(a)'s] statutory objectives."); *see also United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) (noting that several § 3553(a) factors "permit the court to consider the amount of time served in determining whether a sentence modification is appropriate").  A minor reduction in his sentence will not undo the punishment Jackson has already been subjected to, nor will it eradicate the effects of his original sentence.  Due to the COVID-19 risks combined with Jackson's deteriorating health, the Court finds that Jackson's time in prison is adequate to achieve much of the original sentence's purpose in terms of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, and providing a deterrent effect.  *See* 18 U.S.C. § 3553(a)(2).  Notably, the "chronic unrelenting pain" Jackson is in (Doc #: 38-1 at 10) makes it unlikely that he will pose a danger to others.

Because this Court balanced the § 3553(a) factors when initially sentencing Jackson, the Court need not pen a lengthy opinion here regarding those factors.  *See United States*, 2020 U.S. App. LEXIS 36620, at *30 (6th Cir. Nov. 20, 2020) ("Reading the judge's compassionate release decision and the original sentencing hearing transcript together reveals that the district judge carefully considered all relevant § 3553(a) factors.").  Accordingly, upon careful consideration, the Court finds the § 3553(a) factors favor release.

### III.    Conclusion

The Court hereby reduces Jackson's sentence to time served, plus up to ten (10) additional days at the discretion of the BOP to quarantine Jackson prior to release.  Jackson's term of supervised release remains at three (3) years, subject to the terms imposed at sentencing.

For the above reasons, Jackson's Motion, **Doc #: 38**, is **GRANTED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster* **May 20, 2021**
**Dan Aaron Polster**
**United States District Judge**